Avery, J.
It has been heretofore a-cause of no little difficulty with this'court, in proceedings against partnership property, for the satisfaction of the individual debt of one of the .partners, to determine, in accordance with any just rule, at what point the power of a court of law ends, and the jurisdiction of '.a court of chancery begins. In the case of John W. Place v. Charles Sweetzer, (16 Ohio Rep. 142,) the court interfered in equity, and restrained the rule by an injunction. In that case the .execution, which was against one member of the firm, had been •levied, and the goods of the partnership taken into possession by the sheriff. In the case now before the court, the judgment creditor proceeded after the levy, and until the property ■was sold under the execution at law and delivered to the purchaser. When the creditor levied with his execution upon this property, he claimed that Pitner, the debtor, had made a fraudulent conveyance of his share of it to the plaintiff, and that it was not therefore protected from his levy. The plaintiff claimed, it would seem, after the transfer to him of Pitner’s interest, .that he had become the sole owner of the property, and that there was no partnership interest for a court of equity to adjust, and therefore he commenced his proceedings at law, to recover the possession. If Pitner’s transfer of his share was valid, then the levy on the property was a trespass; but if the .transfer was fraudulent and void, the levy was proper and sufficient to hold the title to the share. The plaintiff, before resting, introduced evidence designed to satisfy the jury that he was the owner of the property in controversy; that it was the *185 •same property which was found in the defendant’s possession, seized by virtue of the act of replevin and thereby restored to ■him. After the defendant had questioned the sole ownership ■of the plaintiff, and had given evidence from which the jury would be likely to infer that the transfer of Pitner was void, and the levy of the creditor therefore lawful, it became proper ■to iuquire what, at that time, were the respective rights of the parties before the court ?
The case above cited, from the 16th Ohio Reports, decides that ■a partner’s interest in partnership goods, is his share of the surplus after all demands against the firm are paid, and that the sale may be restrained, as before stated, by a proceeding in chancery. It also recognizes the doctrine that an execution against one of the partners for his separate debt, may be levied upon •the partnership goods. It was the prayer of the bill in that case that an account should be taken of the amount due by the firm, that the same should be first paid out of the property of the firm, and the interest of the complainant (he being another member of the firm) in the surplus should be paid, before execution creditors should be permitted to assert their claim on the property. The prayer of the bill was granted. We have looked at that case again and are not disposed to overrule or interfere with it; on the contrary, we recognize the doctrines ■established by the decision there made as correct.
The interest of Pitner, according to the determination in that case, in the property in controversy, when the constable was proceeding to levy upon it, was his share of the surplus, ■after all demands' against the partnership were paid. If there could be no surplus, then the levy, though legal and binding the property, would be, at best, certainly unproductive. By no act of the plaintiff, after the levy, has his interest in the property been parted with. At any time before the sale, had he sought redress in chancery, an injunction would have been allowed him, to restrain the sale under execution at law; and on producing the proof (which the case concedes to be in his *186 power) that there would be no surplus left for the judgment, creditor, he would have obtained a decree against the judgment creditor, securing his claim to the whole of the property. He-did not, however, seek redress in chancery; neither did the creditor, who had an equal right to appeal to that court, file-his bill to have his rights determined in relation to that property. He chose to make a sale under his execution. That sale-did not pass to the purchaser, whether he was the judgment creditor or another person, the plaintiff’s share in the partnership property; it only passed the judgment debtor’s interest in the surplus, if there should be any, after the payment of all demands against the partnership. Giving the benefit of these principles to the parties, on the trial of the action of replevin, were the verdict and judgment in the case right ?
It is contended in the argument for the defendant, that he-became, by the purchase, a partner or a joint owner with the plaintiff in the goods; and being in the • possession of them,, with an equal right to the possession, they could not be taken from him by a writ of replevin. Whether a sale of one partner’s interest, by execution at law, can be recognized as valid,, and if so recognized, how the rights and remedies of the several parties in interest, after the sale, are to be enforced, the-court does not consider itself called upon, in the case under consideration, to decide.
The court of common pleas refused to admit evidence at the trial, to show the true, actual interest of the defendant in the property replevied; and refused to charge that Dohrman,. by his purchase at constable’s sale, became but a joint owner' of the bricks with the plaintiff, and that the measure of damages should be but the value of that interest; and the court did-charge the jury, that if they found that the defendant had the-right of- property, the measure of damages should be the value of the property replevied, at the time of the service of the writ, of replevin, with interest thereon. The language of the statute, Swan’s Statutes 786, is, “where the jury shall find for the defendant, they shall also find whether the defendant had1 *187 the right of property in the goods and chattels, or the right of possession only, at the commencement of the suit; and if they shall find either in his favor, they shall assess such damages as they may think right and proper for the defendant. Had the testimony offered been received, and had it established the fact (as must be supposed in the case) that there could be no surplus, then the value of the property, at the time of service of the replevin, and interest, would not be the damages right and proper for the defendant. He stood in no such relation to that property as would make it necessary or proper to give him the full value of it against the plaintiff. The case of Jennings v. Johnson and another, 17 Ohio Rep. 154, decides that when property is replevied from a sheriff holding it under execution, the rule of damages is not the value of the property, except where that value is less than the amount, with interest, of the executions he may have in his hands. The principle of that case, applied to the one before the court, would neither justify damages equal to the value of the property replevied, nor to the amount of the execution in the constable’s hands, with interest thereon. The defendant, it would seem, could not be entitled to more than mere nominal damages. The common pleas, in the opinion of this court, erred in refusing the evidence, and in stating the measure of damages. Their judgment is reversed.